**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA VICTORIA NANTES, an individual; AIDA MELIKYAN, an individual; ARMENUI DZHGALIAN, an individual, | No. 10-55357 |
| | D.C. No. 2:09-cv-07161-RGK-JC |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| NEW LONDON COUNTY MUTUAL INSURANCE COMPANY; GEICO GENERAL INSURANCE COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 8, 2011
Pasadena, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, Sioux Falls, sitting by designation.

Maria Victoria Nantes, Aida Melikyan, and Armenui Dzghalian ("Petitioners") appeal the district court's order denying their motion to remand and granting Respondent New London County Mutual Insurance Company's ("NLC") motion to dismiss for lack of personal jurisdiction. This suit arises out of a carbon monoxide poisoning incident that occurred in Nantes's Connecticut home, which severely injured Melikyan and Dzghalian. On appeal, Petitioners argue that 28 U.S.C. § 1332(c)(1) operates to defeat the district court's diversity jurisdiction over this case, or alternatively that Respondent Geico's nonconsent to removal bars the district court's removal jurisdiction. Petitioners argue further that the district court may properly exercise personal jurisdiction over NLC. We affirm.

Section 1332(c)(1) provides:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance*, whether incorporated or unincorporated, *to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added). The law operates to bar federal diversity jurisdiction in certain insurance disputes. Moving beyond the plain language of the provision, this court has explained:

> Courts have uniformly defined the term "direct action" as used in [Section 1332(c)(1)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer *without* joining the insured or *first obtaining a judgment against him*.

*Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir. 1982) (emphasis added). Because Melikyan and Dzghalian first obtained a judgment against Nantes, the insured, this court's case law dictates that the instant suit is not a "direct action" within the meaning of Section 1332(c)(1). Nantes's citizenship is therefore not imputed to NLC, and the district court may assert diversity jurisdiction over the case. Petitioners urge this court to disregard the *Beckham* definition as dicta, but we decline to do so. Even assuming that the definition is dicta, the *Beckham* court appears to be correct that federal courts interpret Section 1332(c)(1) uniformly. *Id.* We follow that interpretation here.

We further affirm the district court's determination that Geico was a fraudulently joined defendant and should be dismissed from the case. Accordingly, Geico's nonconsent to removal did not pose a bar to the district court's removal jurisdiction. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761-62 (9th Cir. 2002).

Finally, we affirm the district court's dismissal for lack of personal jurisdiction. Petitioners cannot establish that NLC purposefully directed activities

3

toward California, or that the claims in this suit arose out of any NLC contacts with California. "[T]he purposeful availment analysis turns upon whether the defendant's contacts are attributable to actions by the defendant *himself*, or conversely to the unilateral activity of another party." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986) (internal quotation marks and citations omitted). Here, NLC's purported contacts with California were directly attributable to Petitioners' unilateral decisions to move back to the state. Further, no evidence was provided to establish that NLC renewed Nantes's policy while she was in California. Even assuming such a renewal occurred, this suit did not arise out of that contact because any renewal occurred well after the incident in question. Finally, the broad policy language cannot be the basis for exercising specific jurisdiction over NLC. *See Hunt v. Erie Ins. Grp.*, 728 F.2d 1244, 1246-47 (9th Cir. 1984).

We deny Petitioners' request for jurisdictional discovery. *See Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

**AFFIRMED.**